UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUZANNE FILLORAMO<br>    Plaintiff | CIVIL ACTION |
| v. | |
| | JURY TRIAL CLAIMED |
| A.C.B. AMERICAN, INC.<br>    Defendant | |
| | JULY 25, 2011 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendant State claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and for intentional infliction of emotional distress and also includes a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. PARTIES

2. Plaintiff, Suzanne Filloramo, is a natural person residing in East Hartford, Connecticut.

3. Defendant ACB American ("ACB") is a Ohio corporation with its principal offices in Covington, Kentucky, and specializes in the collection of consumer accounts.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

5. This Court has jurisdiction over ACB because it engages in business activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. On or around January 14, 2011, Plaintiff received a call from a representative of ACB American who identified himself as James Humphrey.

8. The caller identified himself as a debt collector and indicated to Plaintiff that he was attempting to collect a debt on a Zales charge account.

9. Plaintiff responded that she did not have a Zales charge account and that she had never made a purchase from Zales.

10. Mr. Humphrey instructed Plaintiff to report the incident to the local police.

11. On or around January 14, 2011, Plaintiff reported the incident to the East Hartford police department.

12. After January 14, 2011, Plaintiff continued to receive collection calls from ACB American to her cell phone.

13. Plaintiff has received numerous automated voice recordings on her cell phone voicemail indicating that the message was being left by ACB American in an attempt to collect a debt, and instructing Plaintiff to return the call at 1-888-861-6816.

14. Sometime after January 14, 2011, on or around May 2011, Plaintiff received a message on her cell phone voicemail from "April" at ACB American. April indicated that she was calling in reference to the Zales account and that she had "different options available" for Plaintiff. She instructed that Plaintiff return her call at 1-800-899-8745, extension 5595.

15. In that recorded message, April did not indicate that she was a debt collector or that any of the information obtained would be used for the purpose of collecting the debt.

16. Subsequently, on or around May 2011, Plaintiff received another voicemail message from April at ACB American indicating that she was calling in reference to the Zales account and requesting that Plaintiff return her call at 1-800-899-8745, extension 5595.

17. In that call, April did not indicate that she was a debt collector or that any of the information obtained would be used for the purpose of collecting the debt.

18. Subsequently, on or around late May/ Early June 2011, Plaintiff received another voicemail from April at ACB American, indicating that she was calling in reference to the Zales account and requesting that Plaintiff return her call at 1-800-899-8745, extension 5595.

19. In that call, April did not indicate that she was a debt collector or that any of the information obtained would be used for the purpose of collecting the debt.

## COUNT ONE

### Fair Debt Collection Practices Act ("FDCPA")

20. Plaintiff incorporates Paragraphs 1- 20.

21. ACB American violated the FDCPA in the following respects:

   a. ACB American violated 15 U.S.C. § 1692e(11) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

   b. ACB American violated 15 U.S.C. § 1692e(11) when its agent, April, failed to disclose in her initial communication to Plaintiff that any information obtained would be used for the purposes of collecting the debt.

   c. ACB American violated 15 U.S.C. § 1692g(a) when it failed to send a written notice of debt to Plaintiff within five days of James Humphrey's initial communication with Plaintiff.

22. ACB's attempted collection of a debt which Plaintiff did not incur has caused plaintiff severe emotional distress.

23. For ACB's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## IX. COUNT TWO
### Telephone Consumer Protection Act ("TCPA")

24. Plaintiff incorporates Paragraphs 1-20.

25. ACB American violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.S. § 227, in the following respects:

  a. ACB American violated 47 U.S.C.S. § 227(A)(iii) when it called Plaintiff's cell phone without her permission and left messages using an automated prerecorded voice.

  b. ACB American violated 47 U.S.C.S. § 227(A)(iii) when it called Plaintiff's cell phone without her permission through the use of an automatic dialer.

26. ACB's constant voice messages and phone calls has caused Plaintiff severe emotional distress.

27. For ACB American's violations of the TCPA, as described above, Plaintiff is entitled to recover her actual damages (including emotional distress damages), and statutory damages pursuant to 47 U.S.C.S. § 227(b)(3).

## IX. COUNT THREE
### Connecticut Unfair Trade Practices Act ("CUTPA")

28. Plaintiff incorporates Paragraphs 1-20.

29. ACB has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

30. Plaintiff has suffered an ascertainable loss on account of ACB's illegal debt collection activities, in that she has incurred costs associated with cell phone minutes expended speaking with ACB's representatives, and she incurred postage and certified mail costs from sending a written dispute letter to ACB American.

31. DCS violated CUTPA and is liable to Plaintiff for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

                PLAINTIFF, SUZANNE FILLORAMO


      By: /S/ Daniel S. Blinn
         Daniel S. Blinn, ct02188
         dblinn@consumerlawgroup.com
         Consumer Law Group, LLC
         35 Cold Spring Rd. Suite 512
         Rocky Hill, CT  06067
         Tel. (860) 571-0408; Fax. (860) 571-7457